IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE DAVIDSON DIVISION

RECEIVED
IN CLERK'S OFFICE
JUL 15 2009
U.S. DISTRICT COURT
MID. DIST. TENN.

CALVIN D. STRANGE, JR.
CHARLES S. HUDDLESTON, JR.
JULIAN JORDAN,
HOLLIS D. RAMSEY,
RUSSELL FROHMUTH,
STEVE HOLT.
    PLAINTIFFS.

VS.

CASE NO:
JUDGE HAYNES
12 Person Jury Demanded

LARRY STERBA, ET AL.
BEN SWEAT
    DEFENDANTS.

## NOTICE OF PLAINTIFFS

1. CALVIN D. STRANGE, JR. 269223, _Calvin D. Strange_
2. CHARLES S. HUDDLESTON, JR. 129364, _Charles S. Huddleston, Jr._
3. JULIAN JORDAN, 333345, _[signature]_
4. HOLLIS D. RAMSEY, 260712 _Hollis D. Ramsey_
5. RUSSELL FROHMUTH, 119760, _Russell Frohmuth_
6. STEVE HOLT 150519, _Steven Holt_

_Calvin D. Strange_
CALVIN D. STRANGE, JR. 269223
5115 HARDING PLACE "MDCDF"
NASHVILLE, TN. 37211

IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE DAVIDSON DIVISION

CALVIN D. STRANGE, Jr.
CHARLES S HUDDLESTON, Jr.
JULIAN JORDAN,
HOLLIS D. RAMSEY,
RUSSELL FROHMUTH,
STEVE HOLT,
    PLAINTIFFS

vs.

CASE NO: 3:09-1
JUDGE HAYNES

LARRY STERBA, ET AL,
    DEFENDANTS.

## MOTION TO SET ASIDE ORDER DISMISSING CAUSE

COMES NOW THE PLAINTIFFS, by and through Calvin D. Strange Jr. Pro-se acting as counsel for the individual in response to The Court's order dated June 8, 2009, dismissing the above styled action. The Plaintiff's respectfully moves this Honorable Court to dismiss the previously issued ORDER dismissing this cause of action, for the following reasons:

1. The plaintiff filed the original complaint as a criminal complaint, the Court on it's own initiative converted the cause into a civil case.

2. IN Quoting Haines v. KERNER, 404 U.S. 519 (1972), "We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro-se document is be liberally construed. As The Court unanimously held "a pro-se complaint." However inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim, if it appears" beyond doubt that the can prove no set of facts in support of his claim which would entitle him to relief,'" Id. at 404 U.S. 520-521, Quoting Conley v. Gibson, 355 U.S. 41, 355 U.S. 45-46 (1957).

3. Because the complaint was dismissed for failure to prosecute, This cause "We must take as true it's handwritten pro-se allegations." Cooper v. pate" 378 U.S. 546 (1964).

(1)

4. The gravamen of this 1983 complaint is that the defendants have subjected him to cruel and unusual punishment in violation of the Eighth Amendment, and is made applicable to the states by the Fourteenth. See Robinson v. California at page 429 U.S. 102. The history of the Constitutional prohibition of "cruel and unusual punishment" has been recounted at length in prior opinions of the Court, and need not be repeated here. See eg Gregg v. Georgia, 428 U.S. 153, 428 U.S 169-173 (1976).

5. The plaintiff made numerous telephone calls and wrote letters to this court in an attempt to clarify the status of this action, addressing the issue's that this Court stated as it's reason to dismiss this cause.

6. The plaintiff has tryed to make copies of the entire complaint, however that document exceeds (100) one pages, and this court requires (3) copies and (1) one per plaintiff (stamped as filed) a total of (8) eight copies at (25) Twenty five cents a page totaling (200) two hundred dollars, this institution will not copy the complaint without payment.

7. An inmate at CCA "MDCDF" is declared indigent if there account balance is below (5) Five dollars and remains below this amount for (30) thirty days. The Plaintiffs Huddleston, Jordan and Ramsey and Frohmuth have been indigent for several months. The Plaintiff, Strange has not been do to a nine (9) dollar institutional refund and a (6) six dollar refond, however Strange has had no other outside deposit since Mar 12, 09.

8. IT'S this facilities policy that an inmate will be indigent for (30) thirty days consecutively before an inmate can mail out personal or legal mail, effectively delaying any court action, encroaching upon the Fourteenth Amendment.

9. This is a "CLASS ACTION" suit with (5) Five plaintiffs, (4) of which are indigent, (1) one who is not, plaintiff Strange can pay (1/5) or (70) seventy dollars, to this Honorable that point was addressed in a handwritten letter to this Court without answer.

(2)

WHEREFOR ALL PREMISSES, considerd The Plaintiffs hope and pray this Honorable Court grants such leniency and reinstate this claim, and grant leave to Huddleston, Jordan, Ramsey and Frohmuth to proceed as indigent and reduce the standard filing fee of (350.00) by (280.00) dollars while Strange pays the balance of (70.00) to this Court for a total of (350.00). And

This Court issue an order to the Warden of this facility and supersed it's order dated 8 June 2009, authorizing the custodian of inmate accounts to withdraw funds from the plaintiff Stranges' account.

Furthermore issue an order to the Court Clerk authorizing the Clerk of Court to make the necessary copies of the complaint.

RESPECTFULLY SUBMITTED;

*Calvin D. Strange*

CALVIN D. STRANGE, JR
5115 Harding Place
Nashville, Tn. 37211
FOR THE PLAINTIFFS.